IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER SESSION, 1997

FILED

February 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9706-CC-00204 |
| | ) | |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. D. KELLY THOMAS, JR., |
| JUDY R. BAILEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (FRAUD) |

FOR THE APPELLANT:

**LAURA RULE HENDRICKS**
Eldridge, Irvine & Hendricks
606 West Main Street, Ste. 350
P.O. Box 84
Knoxville, TN 37901-0084

**RAYMOND MACK GARNER**
District Public Defender

**SHAWN T. GRAHAM**
Assistant Public Defender
415 High Street
Maryville, TN 37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MICHAEL J. FAHEY, II**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**MICHAEL L. FLYNN**
District Attorney General

**KIRK ANDREWS**
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Judy R. Bailey, pled guilty to the offense of obtaining a controlled substance by fraud in violation of Tennessee Code Annotated section 53-11-402. Pursuant to the negotiated plea agreement, she received a Range I three (3) year sentence and $500.00 fine, with the manner of service of sentence to be determined by the trial court following a hearing. The Circuit Court of Blount County ordered a sentence of split confinement consisting of ten (10) months in the Blount County Jail followed by two (2) years and two (2) months of intensive probation. The sentence was ordered to be served concurrently with a sentence for convictions in Knox County. In her sole issue on appeal, Defendant argues that the trial court erred by not ordering a sentence alternative that does not involve incarceration. We affirm the judgment of the trial court.

Defendant was thirty-three (33) years old at the time of the sentencing hearing. The offense for which Defendant was convicted occurred on April 18, 1996. The record reflects that she obtained a controlled substance from a dentist by fraud and misrepresentation by providing the dentist with a false name, date of birth, social security number, address and employment information. The Defendant testified at the sentencing hearing that she became addicted to pain medication after she received back injuries in an automobile wreck in 1992.

Defendant's prior record included convictions on March 5, 1996 in Blount County Circuit Court for one count of burglary of a building other than a habitation, one count of theft less than $500.00, and one count of attempt to possess

controlled substances. Apparently, the sentences were run concurrently with each other and she was placed on probation.

On August 23, 1996, Defendant was convicted in Knox County Criminal Court for the offenses of theft of property over $1,000.00, and three counts of obtaining controlled substances by forged prescriptions. She had originally been placed on pre-trial diversion for these offenses, but it was terminated upon her commission of other crimes. She was placed in the Community Alternatives to Prison Program (CAPP) for the Knox County Convictions. However, due to her failure of drug screen tests which were positive for morphine and other technical violations, Defendant was incarcerated in the Knoxville Detention Center. There she was placed in an intensive rehabilitation program with the understanding that she could be returned to the CAPP program upon successful completion of the rehabilitation program during the incarceration. Defendant entered into her negotiated plea agreement in the case sub judice on November 26, 1996.

The record shows that when Defendant was arrested for the offense which is the subject of this appeal, there were approximately forty (40) pills in her purse, including four (4) different types of controlled substances. She claimed that she had prescriptions for each of these, but never provided them to the arresting officer despite his request. She had six (6) unexcused absences from required meetings while participating in the CAPP program in Knox County. On December 2, 1996, she tested positive for morphine following a drug screen. She claimed that she had recently taken the last pill from a prescription given to her in September 1996 by a dentist. She also failed to pay on her court costs as scheduled.

On December 13, 1996, Defendant was requested to submit to a drug screen from her probation officer on the prior Blount County convictions. She provided a sample which was cooler than body temperature, and due to its coloration, the probation officer felt that the cup contained toilet water. A second sample was immediately requested. The first sample was negative, and the second sample was positive for morphine.

Defendant admitted during her testimony at the sentencing hearing that she had obtained the first sample from toilet water. She also claimed on December 13 that she had taken pain medication a day or two before from the same September 1996 prescription which she had earlier claimed was depleted around December 2, 1996. Defendant also provided a drug screen which was positive for morphine on January 7, 1997. Defendant admitted during her testimony that the pills which led to the positive drug screens on December 2 and December 13 did not come from the prescription provided to her in September. Defendant testified that she obtained the prescription on September 18, 1996 for fifteen (15) Lorcet pills with one refill. She took all of the first fifteen (15) on September 18 and obtained a refill the next day. She had not taken any pain medication from May 3 through September 18, 1996. She was not suffering from withdrawal symptoms when she next obtained the prescription drugs, and could not really provide an answer as to why she had suddenly decided to again obtain the controlled substance. Defendant acknowledged during her testimony that she had admitted herself into rehabilitation at the time of her convictions in Blount County in March 1996 simply to stay out of jail and that she had continued taking the pain medication during her outpatient treatment.

In determining the appropriate manner of service of the sentence, the trial court declined to order a sentence which involved release into the community during the entire sentence on the basis that she had recently "cheated" and not told the truth while serving a sentence on release status, had continued to use controlled substances, and has a lengthy criminal history.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that

the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the outset, we note that we have determined the trial court's judgment should be reviewed de novo with a presumption of correctness. A defendant convicted of a Class C, D, or E felony who is an especially mitigated or standard offender is presumed to be a favorable candidate for alternative sentencing options if the defendant does not fall within the parameters of Tennessee Code Annotated section 40-35-102(5). See Tenn. Code Ann. § 40-35-102(6).

Allowing the Defendant the benefit of the presumption, we initially note that the trial court sentenced her to an alternative sentence of split confinement. See Tenn. Code Ann. § 40-35-104(c)(3). There is no presumption that Defendant is entitled to a specific type of alternative sentence. Statutory law provides that a sentence involving confinement should be based in part upon the consideration that measures "less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). Therefore, the sentence of split confinement in this case is in accord with the purposes of the Criminal Sentencing Reform Act of 1989.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge